# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BLOOM ENERGY CORPORATION, § § Plaintiff § § v. § § PLANSEE SE and GLOBAL TUNGSTEN AND POWDERS CORP., § § § Defendants. § § | CIVIL ACTION NO. 2:22-cv-101-JRG-RSP JURY TRIAL DEMANDED |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to the Court's order setting a scheduling conference for this case (Dkt. No. 21), Plaintiff Bloom Energy Corporation and Defendants Plansee SE and Global Tungsten and Powders Corp. jointly submit this motion seeking entry of a Protective Order attached hereto as Exhibit A.

The parties, having met and conferred, have agreed to all aspects of the proposed Protective Order submitted with this motion except with respect to the accessibility of designated materials to each party's employees. Exhibit A, ¶¶ 5, 9.  Bloom proposes to exclude in-house counsel from accessing materials designated RESTRICTED – ATTORNEYS' EYES ONLY, and non-counsel employees from accessing materials designated CONFIDENTIAL or RESTRICTED – ATTORNEYS' EYES ONLY.  Defendants' proposal follows the Court's Sample Protective Order for Patent Cases verbatim, which permits certain in-house counsel to access RESTRICTED – ATTORNEYS' EYES ONLY material and permits up to three (3) designated representatives of each of the Parties, to the extent reasonably necessary for the litigation of this Action, to access CONFIDENTIAL material.  The parties' respective positions are as follows:

**Plaintiff's Position**

There is little or no hardship to Defendants from Plaintiff's proposal since Defendants' outside counsel and qualified outside consultants can still access such materials. *See St Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, No. 6:07-CV-346, 2008 U.S. Dist. LEXIS 107096, at *29-30 (E.D. Tex. Mar. 14, 2008) ("Courts have found time and again that requiring a party to rely on its competent outside counsel does not create an undue or unnecessary burden").  Any hardship to Defendants is further minimized by the fact that the parties agree to have a separate category of CONFIDENTIAL information accessible to in-house counsel, and have agreed to provisions by which Defendants can request that a designation be modified or withdrawn (¶ 18).

Conversely, there is significant risk of potential misuse or inadvertent disclosure.  First, this case involves allegations that Defendants converted Bloom's confidential information, including rib designs suitable for use in fuel cells. *See, e.g.*, Complaint ¶¶ 3, 143, 301, 312-346.  Discovery will likely entail disclosure of highly confidential and proprietary Bloom information of a highly technical nature, which may itself be subject to additional misuse or inadvertent disclosure.  Second, this case involves allegations that Defendants engaged in antitrust violations in attempts to monopolize Bloom's interconnect supply chain. *See, e.g.*, Complaint ¶¶ 3, 27, 31, 56, 259, 385-438.  Thus, discovery will likely entail disclosure of highly confidential and proprietary business information regarding issues of pricing and business negotiation strategies on the part of Bloom as well as potentially Bloom's third party suppliers, who are competitors of the Defendants.  Any argument that Plaintiff is adequately protected by the language limiting access to in-house counsel "who exercise no competitive decision-making authority" is unavailing.  This Court has explained that "the focus of the inquiry is not the attorney's good faith, but the risk for *inadvertent* disclosure, and '[j]ust as '[i]nadvertence…is no

respecter of its victims,' neither is it a respecter of the integrity of those who fall prey to it.'" *St Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, No. 6:07-CV-346, 2008 U.S. Dist. LEXIS 107096, at *8 (E.D. Tex. Mar. 14, 2008) (citations omitted) (emphasis in original).

**Defendants' Position**

The provisions of the Court's Sample Protective Order for Patent cases are more than sufficient to address any legitimate confidentiality concerns of Plaintiff in this case. The Parties are not competitors, and Defendants are no longer in the business of making the products they previously made for Plaintiff. The limited access allowed to in-house counsel and designated representatives under the Court's Sample Order properly strikes a reasonable balance between the parties' interests. Such limited access is especially necessary here to allow Defendants to understand fully and to confront the blatantly false and incendiary allegations Plaintiff has asserted against Defendants in this case.

The single case cited by Plaintiff, above, is inapplicable. The issue there was whether a particular individual was or was not a "competitive decisionmaker." That is not the issue here. Here, the issue is whether the reasonable access provided to in-house counsel and designated representatives under the Sample Order is reasonable and necessary to Defendants' defense of this action. Such access is not only necessary but critical to allow in-house counsel to assist outside counsel and to make decisions dealing directly with the litigation of Plaintiff's claims, and to allow the designated representatives to participate as reasonably necessary for the litigation, especially given the nature of Plaintiff's allegations.

Importantly, counsel for Plaintiff first presented its above argument to Defendants' counsel at 7:26pm ET today (the day the proposed protective order is due to be filed). As a result, if the Court is inclined to entertain Plaintiff's request to depart from the terms of the Court's Sample

Protective Order for Patent Cases, Defendants respectfully request the opportunity to respond more fully to "Plaintiff's Position," after they have a more reasonable opportunity to review and analyze the argument.

The Court's Sample Protective Order for Patent Cases reasonably, even-handedly, and adequately addresses the parties' legitimate concerns in this case. Therefore, Defendants respectfully request that the Court deny Plaintiff's attempt to depart from the Sample Order so radically, and instead to enter the proposed protective order with the language from the Court's Sample Order inserted in paragraphs 5(d) and 9, respectively, as proposed by Defendants.

| | |
|---|---|
| DATED:       August 9, 2022 | Respectfully submitted, |
| **PAUL HASTINGS LLP** | **KENT & RISLEY LLC** |

By:  */s/ Yar R. Chaikovsky*
Yar R. Chaikovsky
CA Bar #175421 (Admitted E.D. Tex.)
yarchaikovsky@paulhastings.com
Philip Ou
CA Bar #259896 (Admitted E.D. Tex.)
philipou@paulhastings.com
Bruce Yen
CA Bar #277920 (Admitted E.D. Tex.)
bruceyen@paulhastings.com
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Jeff Pade
jeffpade@paulhastings.com
VA Bar # 45725 (*pro hac vice* to be filed)
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

**THE DACUS FIRM**
Deron Dacus
TX Bar No. 00790553
ddacus@dacusfirm.com
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

***Attorneys for Plaintiff Bloom Energy Corp.***

*/s/ Daniel A. Kent*
Daniel A. Kent
dankent@kentrisley.com
Tel:  (404) 585-4214
Fax:  (404) 829-2412
Stephen R. Risley
steverisley@kentrisley.com
Tel:  (404) 585-2101
Fax:  (404) 389-9402
Olivia E. Marbutt
oliviamarbutt@kentrisley.com
Tel: (404) 855-3865
Fax: (404) 538-1715

5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

***Attorneys for Defendants Plansee SE and Global Tungsten and Powders Corp.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Yar R. Chaikovsky*
Yar R. Chaikovsky

## CERTIFICATE OF CONFERENCE

On August 8, 2022, pursuant to Local Rule CV-7(h), counsel for Plaintiff met and conferred with counsel for Defendants, who indicated that they likewise requested the entry of a Protective Order as sought by this Motion.  Pursuant to the Court's order setting a scheduling conference for this case (Dkt. No. 21), the parties provide certain competing proposals in said Protective Order, as further specified herein and indicated in the attached Proposed Order.

*/s/ Yar R. Chaikovsky*
Yar R. Chaikovsky
