IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BLOOM ENERGY CORPORATION, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § CIVIL ACTION No. 2:22-CV-00101-JRG-RSP <br> § <br> PLANSEE SE and GLOBAL § <br> TUNGSTEN AND POWDERS CORP., § <br> § <br> *Defendants*. § | |

# ORDER

Defendants Plansee SE ("Plansee") and Global Tungsten and Powders Corporation ("Global") (collectively, "Defendants") previously moved to either dismiss or stay the above referenced action pursuant to Federal Rule of Civil Procedure 12(b)(1) or (3) in accordance with an arbitration agreement (the "Motion"). (Dkt. No. 17.) Magistrate Judge Payne entered a Report and Recommendation recommending the Motion be granted to stay the case. (Dkt. No. 74.) Plaintiff Bloom Energy Corporation ("Plaintiff") since filed an amended complaint (Dkt. No. 82) and Objections (Dkt. No. 84) which included arguments based on new claims raised in the amended complaint. In light of this procedural posture, the Court granted Defendants the opportunity to respond to the Objections and any new arguments therein. (Dkt. No. 85.) Since that time, Defendants have filed a Response to the Objections (Dkt. No. 96), to which Plaintiff filed a reply (Dkt. No. 104). Despite the addition of claims, Plaintiff has not shown clear error in the Report and Recommendation.

As to the defective product claims, Counts XI and XII, Plaintiff's original arguments intertwined causes of action under the IP Agreement with the subsequent Supply Agreement. (*See* Dkt. No. 74 at 6.) Its attempt to now unravel the source of the cause of

action is in vain. As Defendants correctly highlight, the IP Agreement includes provisions governing rights under "respective supply agreements." (Dkt. No. 96 at 13, citing Dkt. No. 2-19, Ex. 19 "IP Agreement" §1.1(C)(2)(3).) Accordingly, the arbitrability of the defective product claims is properly referred to the arbitrator under the IP Agreement.

As to the more general proposition that the IP Agreement delegates arbitrability to an arbitrator, Plaintiff re-urges that the IP Agreement lacks clear and unmistakable evidence delegating arbitrability. Again, the Court disagrees. As mentioned in the Report and Recommendation, Section 3.2(b) of the contract reads, "[i]f disagreements arise under this Agreement or concerning its execution, validity, formation or interpretation thereof … b) The disagreement shall … be referred to and finally determined by arbitration …" (Dkt. No. 2-19 at 6.) Based on this language, the Magistrate Judge found "[a] determination of whether Bloom [Energy Corporation]'s claims fall within the scope of the agreement requires interpretation of the agreement, which is clearly and unmistakably delegated to an arbitrator." ( Dkt. No. 74 at 3.) Nonetheless, the Magistrate Judge opined that "each claim falls within the scope of the arbitration clause of the IP Agreement directly or indirectly, or alternatively that the resolution of arbitrable claims will inform the merits of those claims not covered by the arbitration clause in such a way as to justify staying those claims as well." (*Id.* at 3.) Then the Magistrate Judge supported that conclusion against each claim of the then current complaint. (*Id.* at 3-6.)

Plaintiff also argues that 35 USC § 294 should not be read together with the contract because the contract does not contemplate arbitration over issues of validity and infringement. As the Magistrate Judge highlighted, § 294 provides that "[i]n any such arbitration proceeding, the defenses provided for under § 282 shall be considered by the arbitrator

2

if raised by any party to the proceeding." Those defenses expressly include noninfringement, invalidity, and unenforceability. 35 U.S.C § 282. Further, the Magistrate Judge correctly identified that the language of the arbitration clause without any specific carveouts suggests otherwise. (*See* Dkt. No. 2-19 at 6 ("*If disagreements arise under this Agreement* or concerning its execution, validity formation or interpretation thereof … b) The disagreement shall … be referred to and finally determined by arbitration …") (emphasis added).)

The new counts of the amended complaint fall within the Magistrate Judge's logic because the merits of new Counts XV-XIX for inequitable conduct, unfair competition, tortious interference, and fraudulent concealment will be informed by resolution of those clearly arbitrable claims.

After the above *de novo* review of the briefings on Defendants' Motion, the Report and Recommendation, and the Objections incorporating arguments from the amended complaint, the Court agrees with the reasoning provided within the Report and Recommendation and concludes that the Objections fail to show that the Report and Recommendation was erroneous. Consequently, the Court **OVERRULES** Plaintiff's Objections and ADOPTS the Report and Recommendation and orders that Defendants' Motion (Dkt. No. 17) is **GRANTED** to **STAY** the instant action pending arbitration.

So ORDERED and SIGNED this 26th day of April, 2023.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE